UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADRIAN TURNER, individually, and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>CORINTHIAN INTERNATIONAL PARKING SERVICES, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>          Defendant(s). | Case No: C 15-03495 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND WITHOUT PREJUDICE AND GRANTING PLAINTIFF LEAVE TO AMEND THE PUTATIVE CLASS DEFINITION** |

Plaintiff Adrian Turner ("Plaintiff") commenced the instant putative wage and hour class action against Defendant Corinthian International Parking Services, Inc. ("Defendant") in the Superior Court of California, Alameda. Compl., Dkt. 1-1. Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal, Dkt. 1. The parties are presently before the Court on Plaintiff's motion to remand. Dkt. 6. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion to remand without prejudice, for the reasons stated below. The Court GRANTS Plaintiff leave to amend the putative class definition to clarify facts bearing on the Court's jurisdiction. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. Proc. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

Defendant is an employer with employees throughout the State of California. Compl. ¶ 6. Plaintiff is a former employee of Defendant who resides in the State of California. Id. ¶ 5. Plaintiff brings the instant wage and hour action on behalf of "[a]ll current and former hourly-paid or non-exempt California-based employees who were employed by Defendants [*sic*] within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." Id. ¶¶ 12-13. Plaintiff alleges seven causes of action arising under California law, including claims for unpaid overtime, unpaid meal period premiums, unpaid rest period premiums, failure to pay minimum wage, failure to timely pay final wages, unreimbursed business expenses, and unfair business practices. As relief, Plaintiff seeks compensatory damages, statutory damages, penalties, interest, attorneys' fees, and costs.

II. **LEGAL STANDARD**

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand is required "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Under CAFA, district courts have jurisdiction in any civil action where: (1) the aggregate number of members of a proposed plaintiff class is 100 or more; (2) the aggregate amount in controversy exceeds $5,000,000; and (3) any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d); see also Bridewell-Sledge v. Blue Cross of California, 798 F.3d 923, 927-28 (9th Cir. 2015). "Class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." 28 U.S.C. § 1332(d)(1)(D).

The burden of establishing removal jurisdiction under CAFA lies with the proponent of federal jurisdiction. Ibarra v. Manheim Investmens, Inc., 775 F.3d 1193, 1199 (9th Cir. 2015). However, "'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'"

Bridewell-Sledge, 798 F.3d at 929 (quoting Dart Cherokee Basin Operating Co. v. Owens, --- U.S. ---, 135 S. Ct. 547, 554 (2014)).  Rather, courts must construe CAFA "'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'"  Id. (quoting Dart Cherokee, 135 S. Ct. at 554).  Once federal jurisdiction has been established under CAFA, the party seeking remand bears the burden of proof as to the applicability of any statutory exception.  Id. (citing Mondragon v. Capital One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013)).

## III.   DISCUSSION

Plaintiff moves to remand the instant action for lack of subject matter jurisdiction.  According to Plaintiff, CAFA jurisdiction fails for three reasons: (1) Defendant fails to establish the requisite diversity of citizenship; (2) Defendant fails to establish that the amount in controversy exceeds $5,000,000; and (3) both the "local controversy" exception and the "home state" exception to CAFA jurisdiction apply.  In connection with this motion, Plaintiff requests an award of attorneys' fees and costs incurred because of removal on the ground that Defendant lacked an objectively reasonable basis for taking such action.  Defendant responds that: (1) minimal diversity exits; (2) the amount in controversy exceeds $5,000,000; and (3) Plaintiff fails to demonstrate that an exception to CAFA jurisdiction applies.  Defendant also opposes Plaintiff's request for attorneys' fees and costs.

### A.   DIVERSITY

In its Notice of Removal, Defendant alleges, "At least one proposed class member is not a citizen of California."  Notice of Removal ¶ 6(a).  Plaintiff contends that this allegation is insufficient to establish diversity because Defendant failed to allege the actual citizenship of the relevant parties.  Moreover, Plaintiff contends that diversity "is simply impossible because the proposed class only includes California citizens."  Pl.'s Mot. at 5, Dkt. 6.  Specifically, Plaintiff notes that the Complaint defines the proposed class to consist only of "California-based employees who were or are employed by Defendant[] in the state of California."  Id.  According to Plaintiff, by operation of the class definition, persons domiciled in another state are *not* included in the proposed class.  Id.

Defendant argues that Plaintiff has misconstrued the class definition, and that a class of "California-based employees" is not necessarily limited to California citizens. According to Defendant, the class definition "says nothing about [the employees'] domicile." Def.'s Opp'n at 3, Dkt. 15. Thus, Defendant contends, former employees currently domiciled in another state "would still be part of the proposed putative class." Id. Defendant further argues that actual citizenship may be established in response to a motion for remand (as opposed to in the notice of remand), and provides research from the LexisNexis Comprehensive Person Report purporting to show that six of its former employees are currently "domiciled outside of California." Id. at 4; see also Decl. of Daniel Miller, Exs. A-F, Dkt. 15-1.

Defendant is a citizen of California. See Decl. of Jill J. Parker, ¶ 3 & Ex. B, Dkt. 6-1. Diversity therefore depends, as a threshold matter, on the construction of Plaintiff's proposed class definition. In his reply brief, Plaintiff insists that the proposed class is explicitly limited "to all 'California-based' individuals, meaning those individuals who are *currently* based or domiciled in California." Pl.'s Reply at 9, Dkt. 18. Relying on Johnson v. Advance America, 549 F.3d 932 (4th Cir. 2008), Plaintiff asserts that any individuals who "are not California citizens, are not putative class members." Pl.'s Reply at 9. A defendant who is a citizen of the forum state cannot establish diversity where the putative class is limited to citizens of that state. See Johnson, 549 F.3d at 937-38 (no diversity where the putative class was limited to "citizens" of the forum state, of which defendant was also a citizen). The challenge for Plaintiff, however, is that his Complaint fails to limit the putative class as explicitly as the complaint in Johnson. Although Plaintiff *argues* that the proposed class is limited to California citizens, the Court cannot so *conclude* based solely on the language of the Complaint. This, however, does not conclude the matter.

Ordinarily, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). Recently, however, the Ninth Circuit held that "plaintiffs should be

permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1117 (9th Cir. 2015). "Where a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate." Id. (noting that a complaint filed in state court "may not address CAFA-specific issues").

Since Benko, district courts in this circuit have allowed amendments to clarify class definitions when ruling on motions to remand. See, e.g., Weight v. Active Network, Inc., 29 F. Supp. 3d 1289, 1293 (S.D. Cal. 2014) (remanding after the putative class definition was amended from state "residents" to state "citizens"); In re Anthem, Inc., --- F. Supp.3d ---, 2015 WL 5265686 (N.D. Cal. Sept. 9, 2015) (same); Wickens v. Blue Cross of California, Inc., 2015 WL 4255129 (S.D. Cal. July 14, 2015) (granting leave to amend the putative class definition from "residents" to "citizens" before issuing a final order on remand); Smilow v. Anthem Blue Cross Life & Health Ins. Co., 2015 WL 4778824 (C.D. Cal. Aug. 13, 2015) (same). In each case, the Court found that a proposed amendment limiting the class definition to citizens of the forum state served, not "to manipulate the forum, but rather to clarify a point that happen[ed] to bear on [the court's] jurisdiction." Weight, 29 F. Supp. 3d at 1294.

Here, the pleadings do not expressly allege that non-California citizens are excluded from the class definition. Therefore, based on the record presented, the Court cannot remand the action for the lack of diversity. Nonetheless, as the above-cited authorities make clear, Plaintiff should be afforded the opportunity to amend the pleadings to clarify the putative class definition. See, e.g., Aviles v. Quick Pick Express, LLC, 2015 WL 5601824 (C.D. Cal. Sept. 23, 2015) (granting leave to amend the putative class definition to limit a class of persons "employed by [the Defendant] in California" to encompass only "citizens of California," even absent an explicit request by the plaintiff). The Complaint as currently pled supports the notion that Plaintiff intended to limit the proposed class to

1  California citizens employed by Defendant in California.  The Complaint alleges claims
2  against a California-based Defendant, asserts only claims for relief arising under California
3  law, and clearly limits the class to persons employed by Defendant in California.
4  Furthermore, although not artfully alleged, the class definition is susceptible to Plaintiff's
5  asserted interpretation, i.e., that "California-based" refers to California citizenship.  The
6  Court is therefore satisfied that the proposed revised class definition constitutes a
7  clarification, not an attempt to manipulate the forum.  "By amending [his] [C]omplaint . . . ,
8  [Plaintiff] can provide [this] court with the information required to determine whether [this]
9  suit is within the court's jurisdiction under CAFA."  Benko, 789 F.3d at 1117.
10         Accordingly, the Court DENIES Plaintiff's motion to remand WITHOUT
11 PREJUDICE to Plaintiff's ability to renew the motion after filing an amended complaint.

      **B.**    **OTHER GROUNDS FOR REMAND**

13      The Court notes that Plaintiff also argues for remand based on: (1) the lack of
14 evidence regarding the amount in controversy; and (2) the applicability of both the "home
15 state" and "local controversy" exceptions.  Because the matter of diversity likely will be
16 dispositive in this matter, and in order to ensure that the operative complaint accurately
17 reflects the ostensibly intended class definition, the Court declines to reach the additional
18 grounds for remand at this juncture.  Nevertheless, for the benefit of the parties, the Court
19 notes that they have failed to apply the appropriate standards regarding their respective
20 burdens on these jurisdictional issues.  In order to avoid the application of any erroneous
21 standard in a renewed motion to remand, the Court advises as follows.
22      "Whether damages are unstated in a compliant, or, in the defendant's view are
23 understated, the defendant seeking removal bears the burden to show by a preponderance of
24 the evidence that the aggregate amount in controversy exceeds $5 million when federal
25 jurisdiction is challenged."  Ibarra, 775 F.3d at 1197.  "Under this system, a defendant
26 cannot establish removal jurisdiction by mere speculation and conjecture, with
27 unreasonable assumptions."  Id. at 1198.  The amount-in-controversy requirement is "to be
28 tested by consideration of real evidence and the reality of what is at stake in the litigation,

1    using reasonable assumptions underlying the defendant's theory of damages exposure." Id.
2    A court decides "where the preponderance lies" after both parties have submitted proof. Id.
3        If the removing party establishes federal jurisdiction under CAFA, the party seeking
4    remand bears the burden of proof as to the applicability of any statutory exception.
5    Mondragon, 736 F.3d at 883.  The party seeking remand must present evidence from which
6    the district court can make the necessary jurisdictional findings. Id. at 884.  Assumptions
7    based solely on the allegations of the Complaint are insufficient. Id. at 884-85.

### C.  REQUEST FOR ATTORNEYS' FEES AND COSTS

In connection with this motion, Plaintiff requests an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see also Otay Land Co. v. United Enterprise Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012).  Given that the Court has denied Plaintiff's motion to remand without prejudice, an award of attorneys' fees and costs is inappropriate at this time. Accordingly, the Court DENIES Plaintiff's request.

### IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's motion to remand is DENIED WITHOUT PREJUDICE.

2.    Plaintiff is GRANTED leave to file an amended complaint for the express purpose of clarifying the putative class definition.  Plaintiff shall have fourteen (14) days from date of entry of this Order to file an amended complaint.  Should Plaintiff seek to renew his motion to remand, Plaintiff shall simultaneously file a noticed motion with the amended complaint.  Defendant and Plaintiff may file opposition and reply briefs, respectively, in accordance with the deadlines set forth in Local Rule 7-3.

3.    This Order terminates Docket No. 6.

IT IS SO ORDERED.

Dated: 12/1/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge